## Case No. 1,253.

BELL v. HOGAN.

[2 Cranch, C. C. 21.][1]

Circuit Court, District of Columbia. June Term, 1811.

SLAVERY—PRESUMPTION AS TO FREEDOM.

1. If a colored man was born a slave, his being permitted to go at large without restraint, and to act as a free man, is no evidence of his being free.

2. If the plaintiff's freedom was not so notorious that the defendant might be presumed to know it, the defendant is not liable to damages for taking up the plaintiff as a runaway, he being a colored man and, prima facie, a slave.

At law. Trespass [by Hogan against Bell for] assault, battery·and false imprisonment.

The case was, that the defendant took up the plaintiff as a runaway, and carried him before a justice of the peace. [The court instructed the jury that the defendant was not liable.]

THE COURT, (CRANCH, Chief Judge, absent,) on the prayer of the defendant, instructed the jury, that if they believed from the evidence that the plaintiff was born a slave, his being permitted to go at large without restraint, and to act as a free man, was no evidence of his being free. And that if the plaintiff had recently come into this county, and was not known to the defendant to be free, and his freedom was not so notorious that the defendant might be presumed to know it, then the defendant is not liable in this action, if he used no unnecessary violence, and took up the plaintiff with a bona fide intention of ascertaining whether he was a slave or not.

FITZHUGH, Circuit Judge, in a note ⁂to this case, says: "The ground of those instructions was, that the plaintiff's color was prima facie evidence of his being a slave, and justified his being taken up under a suspicion of his being a runaway. In any question respecting a negro's freedom, it is incumbent upon the negro to show that he is free; and this must be by producing the record of his emancipation. If he had been proved to have been born a slave, he is presumed to be always a slave, and the burden of proving his emancipation devolves on him."

---

## Case No. 1,254.

BELL v. HUNT.

[N. Y. Times, April 24, 1857.]

Circuit Court, S. D. New York. April, 1857.

EVIDENCE—PRESUMPTION—LIABILITY OF CHARTERER OF STRANDED VESSEL.

[The fact that a stranded vessel was chartered raises no inference as to the charterer's liability for services rendered in getting her afloat, where the evidence shows that he was present with the owner when the contract for the services was made, but is insufficient to show that it was made by him.]

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[Appeal from the district court of the United States for the southern district of New York.

[In admiralty. Libel by Thomas Bell against Thomas Hunt for services in raising and removing the steamboat Cricket. From an unreported decree for respondent, dismissing the libel, the libellant appeals. Affirmed.]

Owen & Vose, for appellant.

Mr. Stoughton, for appellee.

NELSON, Circuit Justice. This is a libel filed by Bell to recover a balance due for raising and removing the steamboat Cricket off, and from a sand-bar, at the mouth of Shrewsbury inlet, N. J., where she had been stranded. It appears that Hunt owned the steamboat Confidence, which ran between the port of New York and Shrewsbury inlet, and that, her engine having failed, he employed and chartered the Cricket on the 4th of July, 1840, of Peck, the owner, to take her place, and that while thus employed, she was stranded, as above stated. The libellant, Bell, was engaged to get her off the sand-bar for $3,150, of which sum a balance of $350 remains unpaid. The court below decreed for the respondent, and dismissed the libel.

There is no sufficient evidence that the contract was made by Hunt with the libellant for the service in question. On the contrary, the weight of it is that it was made by Peck, the owner. Hunt was present when it was made, but, for aught that appears, took no part in the negotiation. Peck did. Indeed, the libellant was given to understand by Hunt, according to the proof, that Peck was the responsible man at the time the contract was made. It is supposed that Hunt may be made liable as charterer to the libellant. But, aside from the consideration that the contract was made with Peck and not with him, it does not appear upon what terms the Cricket was chartered. She may have been navigated by the master·and hands of the owner, and hence the charterer be not at all responsible for the safety of the ship. There is no foundation, therefore, laid for the inference sought to be raised of the liability of the respondent on this ground.

We think the decree below should be affirmed.